UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDY BARTOLO HERNANDEZ PAXTOR,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-06420-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On August 12, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On that same day, petitioner filed a motion for a temporary restraining order ("TRO") requesting immediate release from immigration detention. (Doc. No. 2.) On August 13, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided as well as whether respondent opposed the court ruling on petitioner's *habeas* petition based upon the present briefing before the court. (Doc. No. 5.)

On August 14, 2026, respondent filed its response to the pending motion for a TRO. (Doc. No. 6.) Respondent maintains that petitioner is subject to detention pursuant to 8 U.S.C. §

1225(b)(2)(A). Respondent makes this assertion in part because petitioner was initially detained in Texas, and that, pursuant to the decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026),[1] § 1225(b)(2)(A) governs and mandates detention without bond for aliens located inside the United States who are applicants for admission. However, respondent also acknowledges that *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) in which the Ninth Circuit disagreed with the Fifth Circuit, is binding on this court. Nonetheless, respondent contends it has provided the applicable process due to petitioner under that Ninth Circuit precedent. Respondent does not object to this court ruling on petitioner's *habeas* petition at this time and the court will do so.

Based upon a review of the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Guatemala. (Doc. No. 1 at ¶ 12.) In 2016, when petitioner was a minor, he entered the United States with federal officials processing him as an unaccompanied minor and then releasing him in January 2016. (*Id.* at ¶¶ 2, 17.) In July 2026, after a traffic stop, petitioner was placed into immigration detention where he currently remains. (Doc. No. 2 at ¶ 13.)

Respondent argues that petitioner has received all the process due to him because he received a notice to appear ("NTA"), an arrest warrant, and that he had a bond hearing scheduled

/////

/////

/////

/////

/////

---

[1] The majority of Circuit Courts addressing the question of whether § 1225(b)(2)(A) versus § 1226(a) applies, including the Ninth Circuit as described above, have disagreed with the Fifth Circuit with respect to the executive branch's interpretation of the relevant statutes. In this regard, the Second, Sixth, Ninth, Tenth, and Eleventh Circuits have ruled in favor of habeas petitioners, holding that § 1225(b)(2)(A) does not apply to unadmitted aliens apprehended in the interior of the United States. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 71 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1236-37 (10th Cir. 2026); *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1262 (11th Cir. 2026); *but see Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

for August 17, 2026.[2] (Doc. No. 6 at 2.) The undersigned incorporates and adopts the reasoning set forth in a prior order in which this court concluded that the petitioner's prior release by immigration authorities as an accompanied minor created a liberty interest in the petitioner's continued release and that he was therefore being detained pursuant to 8 U.S.C. § 1232. *See Pedro v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26-cv-04268-DAD-SCR (HC), 2026 WL 1694702, at *1-2 (E.D. Cal. June 11, 2026) (granting release).

Because petitioner entered the United States as an unaccompanied minor and was released under § 1232, it appears that he is also entitled to additional procedures/protections. *See Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1097 (E.D. Cal. 2026) (citation omitted). In short, petitioner is not subject to detention pursuant to § 1225(b), and was entitled to a pre-deprivation due process hearing which was not provided in this case. *See Pedro,* 2026 WL 1694702, at *1.

For the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner, Edy Bartolo Hernandez Paxtor, A-File No. 208-569-533, from respondent's custody on the conditions, if any, he was subject to prior his current immigration detention on or about June 8, 2026;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

---

[2] Neither party has addressed what occurred at the scheduled August 17, 2026 bond hearing or stated whether that hearing took place. In addition, respondent states that petitioner was originally detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but is now properly detained pursuant to 8 U.S.C. § 1226(a). (Doc. No. 6 at 1–2.) The court is concerned by respondent's apparent *post hoc* justification of petitioner's detention. *See Garro Pinchi v. Noem*, 813 F. Supp. 3d 973, 1028 (N.D. Cal. 2025) ("As an initial matter, 'courts may not accept . . . *post hoc* rationalizations for agency action.'") (quoting *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1120 (9th Cir. 2010)); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) ("The Court cannot credit Respondents' new position as to the basis for Mr. Lopez Benitez's detention, which was adopted *post hoc* and raised for the first time in this litigation."); *Alberto v. Mattos*, No. 2:26-cv-01441-RFB-BNW, 2026 WL 1847394, at *7 (D. Nev. June 26, 2026) ("The Court will not bless Federal Respondents' 'detain first, justify later' approach to Petitioner's liberty, which mangles § 1226(a)'s regulatory framework and due process.").

petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE